■ In the Matter of the Claim of BENJAMIN WHITE, Respondent. EASTMAN KODAK COMPANY, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 11, 1989.

The employer's only claim on this appeal is that the Unemployment Insurance Appeal Board's decision in favor of claimant must be reversed due to procedural errors committed by the Administrative Law Judge (hereinafter ALJ). It appears that on an earlier appeal by claimant from a decision of an ALJ, the Board rescinded the ALJ's decision due to an incomplete record caused by defects in the cassette tape used to record the hearing, and the matter was remanded for a further hearing. The order of remand directed that the hearing be on notice to all parties and be conducted "so that, at the end of the hearing, all parties have had a full and fair opportunity to be heard on the issues herein". Only claimant appeared and testified at the subsequent hearing held on remand. Thus, according to the employer, the hearing conducted by the ALJ did not comply with the Board's order of remand, since not all of the parties were heard on the issue.

The Board's order of remand required only that all parties be given a full and fair opportunity to be heard at the subsequent hearing. The record contains a notice of hearing, dated June 26, 1989, advising the parties of a hearing scheduled for July 7, 1989. The employer is listed as a party and there is no claim that the employer did not receive this notice as it did all of the other jurisdictional documents in the matter. Nor has the employer offered any excuse for its failure to appear at the scheduled hearing. Accordingly, the Board could reasonably conclude that the employer had the required opportunity to be heard on the issues, but for reasons of its own failed to take advantage of this opportunity. The Board's decision must, therefore, be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.